

# NUMBER 13-21-00446-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

JOANN GARCIA,                                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                                            Appellee.

---

### On appeal from the County Court at Law No. 2
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva**
**Memorandum Opinion by Justice Hinojosa**

A jury convicted appellant Joann Garcia of two counts of misdemeanor assault.

*See* TEX. PENAL CODE ANN. § 22.01(a)(1). In her sole issue, Garcia contends the evidence

was legally insufficient to support her conviction. *See id.* We affirm.

### I.     BACKGROUND

Garcia and Senovia Sifuentes were married for thirty-three years. Together, Garcia

and Sifuentes adopted six children, including M.G.[1] M.G. was the biological child of Sifuentes's cousin, and Sifuentes and Garcia shared joint custody of M.G. with the child's father.

Garcia and Sifuentes separated in 2013. Garcia testified that one of the reasons they ended their relationship was because of Sifuentes's substance abuse issues. Although their relationship ended, Garcia and Sifuentes continued to live together at Sifuentes's mother's house.

In 2014, Sifuentes became involved with Stephanie Silvas. Sifuentes married Silvas in 2016. Sifuentes moved out of her mother's home, where Garcia continued to reside, into an apartment with Silvas. Soon thereafter, Sifuentes was served with a criminal trespass warning that prevented her from visiting her mother's house. According to Sifuentes, she could not go to her mother's house because Garcia did not want to see Sifuentes with Silvas. Sifuentes also alleged that Garcia alienated M.G. from her after Sifuentes moved away. Sifuentes testified that Garcia would not allow her to see M.G.

On December 2, 2016, Sifuentes received a call from M.G.'s school advising her that M.G. needed to be picked up. As one of M.G.'s conservators, Sifuentes was authorized to pick her up from school. The school released M.G. to Sifuentes without issue. While Sifuentes was picking up M.G., Silvas was waiting in the passenger seat of the car and Silvas's son, Rey Silvas, was seated in the back. As Sifuentes walked M.G. to the car, she saw Garcia approaching the vehicle.

---

[1] We use initials to protect the names of minors. *See Salazar v. State*, 562 S.W.3d 61, 63 n.1 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.) (noting that the comment to Texas Rule of Appellate Procedure 9.8 does "not limit an appellate court's authority to disguise parties' identities in appropriate circumstances . . .") (quoting TEX. R. APP. P. 9.8 cmt.)).

At trial, Silvas testified that Garcia first approached her on the passenger side and punched her in the face. Garcia then approached Sifuentes, who was getting into the driver's seat. Before Sifuentes could get in the vehicle, Garcia struck Sifuentes with her hand. Sifuentes was struck on her neck and back. At the time of the incident, Garcia was wearing a wrist brace for carpal tunnel. After the assault, Sifuentes was taken to the hospital and diagnosed with a concussion.

On direct examination, Sifuentes testified that she intended to pick up M.G. and take the child to her apartment. M.G. had been to Sifuentes's apartment before and had clothes and a place to stay there. Sifuentes, Silvas, and Rey all testified that no one had verbally provoked Garcia, nor did anyone hit Garcia or M.G.

Garcia testified that she went to the school after receiving a call from Sifuentes advising her that Sifuentes was picking up M.G. Garcia stated that this surprised her because Sifuentes had not had any contact with M.G. for "close to a year-and-a-half maybe."[2] Garcia stated that when she saw Sifuentes with M.G., she panicked. She explained that Sifuentes had been "emotionally and physically" abusive towards her during their relationship, and she "didn't want [M.G.] around the abuser." She was also concerned given Sifuentes's substance abuse history. Garcia testified that she did not know where Sifuentes was going to take M.G. and that she was acting out of self-defense for M.G. when she struck Sifuentes and Silvas. Garcia admitted that she "did assault [Silvas]," but explained that she did so because she "wanted to save [her] baby from being

[2] On re-direct examination, Sifuentes testified she had last seen M.G. "[m]aybe like five months before," and any infrequency in visitation was at Garcia's behest.

3

around abuse." Garcia denied using the metal portion of her wrist brace to hit Sifuentes.

The jury found Garcia guilty of two counts of misdemeanor assault[3] and the trial court sentenced her to one day of confinement in Nueces County jail. *See id.* Garcia appeals.

## II.    STANDARD OF REVIEW & APPLICABLE LAW

In reviewing the sufficiency of the evidence to support a conviction, we consider the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Stahmann v. State*, 602 S.W.3d 573, 577 (Tex. Crim. App. 2020) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

We consider both direct and circumstantial evidence as well as all reasonable inferences that may be drawn from the evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). "[C]ircumstantial evidence is as probative as direct evidence" in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018); *Temple v. State*, 390 S.W.3d 341, 359 (Tex. Crim. App. 2013). "Each fact need not point directly and independently to the guilt of a defendant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Walker v. State*, 594 S.W.3d 330, 335 (Tex. Crim. App. 2020) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). We resolve any evidentiary inconsistencies in favor of the verdict, keeping in mind that the jury is the exclusive judge of the facts, the credibility of the

---

[3] The jury found that the assault did not involve family violence. *See* TEX. PENAL CODE ANN. § 22.01.

witnesses, and the weight to give their testimony. *Walker*, 594 S.W.3d at 335; *see* TEX. CODE CRIM. PROC. ANN. art. 38.04.

Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Metcalf v. State*, 597 S.W.3d 847, 856 (Tex. Crim. App. 2020) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "The hypothetically correct jury charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Walker*, 594 S.W.3d at 336.

The Texas Penal Code provides that a person commits an assault if the person intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. § 22.01(a)(1). Section 9.02 of the Texas Penal Code provides that "[i]t is a defense to prosecution that the conduct in question is justified under this chapter." *Id.* § 9.02. Regarding self-defense, "a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." *Id.* § 9.31(a).

With respect to defense of a third person, the Texas Penal Code provides that an actor's conduct is justified if:

(1)     [U]nder the circumstances as the actor reasonably believes them to be, the actor would be justified under Section 9.31 or 9.32 in using force … to protect himself against the unlawful force … he reasonably believes to be threatening the third person he seeks to protect; and

(2)     [T]he actor reasonably believes that his intervention is immediately necessary to protect the third person.

5

*Id.* § 9.33. Under a claim of defense of a third person, the actor must reasonably believe that her intervention is "immediately necessary" to protect the third person*. Henley v. State*, 493 S.W.3d 77, 89 (Tex. Crim. App. 2016). In the self-defense context, force is "immediately necessary" to protect oneself from a person's use of unlawful force only if it is needed at that moment "when a split second decision is required." *See id.* at 90; *see also Castillo v. State*, No. 13-18-00251-CR, 2019 WL 3484429, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 1, 2019, no pet.) (mem. op., not designated for publication). The State must prove each element of an offense beyond a reasonable doubt. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 318–19). "[I]n a claim of self-defense or defense of third persons that would justify a defendant's use of force against another, the defendant bears the burden to produce evidence supporting the defense, while the State bears the burden of persuasion to disprove the raised issues." *Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018).

### III. ANALYSIS

Garcia contends that the evidence was insufficient to support the jury's rejection of her claim of defense of a third person. Garcia admitted to assaulting Sifuentes and Silvas. However, Garcia claims the use of force was justified to protect M.G. because she feared for M.G.'s safety given Sifuentes's domestic violence history and drug use, and she had a reasonable belief that M.G. was being taken away to an unknown location. Therefore, she claims her actions were reasonably justified in self-defense on behalf of M.G. We disagree.

The witnesses uniformly testified that Sifuentes was one of M.G.'s conservators, and she was legally authorized to pick up M.G. from school. Garcia testified that before

Sifuentes picked up M.G. from school, Sifuentes called Garcia to advise her of the arrangement. Garcia did not testify that Sifuentes threatened her or M.G. during the phone call. Furthermore, Garcia did not testify that Sifuentes ever abused M.G. Witnesses further testified that immediately leading up to and throughout the incident, no one had verbally provoked Garcia, nor had anyone harmed or threatened to harm Garcia or M.G. Rather, the only testimony concerning danger involved allegations of domestic violence between the partners occurring years prior, Sifuentes's history of drug use, and Garcia's generalized apprehension that M.G. may be exposed to a potential, future unlawful force.

Sifuentes's past conduct and Garcia's concerns of hypothetical future abuse— without more—is insufficient to support her belief that in that moment, there was immediate danger to M.G. so as to justify her actions. *See Henley*, 493 S.W.3d at 92 ("To be justified in using force to protect a third person, the third person had to have been in immediate danger. An imagined future scenario is not enough"); *Madrigal v. State*, 347 S.W.3d 809, 818 (Tex. App.—Corpus Christi–Edinburg 2011, pet. ref'd) ("Because no evidence indicated that Melanie was in danger of being attacked by Cervantes, Madrigal's testimony that he feared for her safety was insufficient to raise the defense of third persons."); *see also Castillo*, 2019 WL 3484429, at *2 (concluding that testimony of past abusive conduct was insufficient to support a reasonable expectation or fear that required the actor, at the time of the assault, to use force). Thus, there was no evidence that Garcia reasonably believed M.G. was in danger or that the use of force was immediately necessary to protect M.G. *See Henley*, 493 S.W.3d at 92; *Madrigal*, 347 S.W.3d at 818.

The record does not indicate that the jury was irrational in rejecting Garcia's claim of defense of a third person, and we cannot substitute our own view of witness credibility

7

for that of the jury. *See Braughton*, 569 S.W.3d at 613. Considering the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found the essential elements of this crime beyond a reasonable doubt, and that the assaults were not justified. *See Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).

## IV.  CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
23rd day of June, 2022.

8